UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BULK MAILING TO COUNTY JAIL INMATES
IN THE STATE OF WASHINGTON    MDL No. 2363

ORDER DENYING TRANSFER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, Kevin Hanson, a defendant in an action (*Mansfield*) pending in the Western District of Washington moves to centralize this litigation in the Eastern District of Washington. The motion encompasses eighteen actions – movant's action, four other actions pending in the Western District of Washington, and thirteen actions pending in the Eastern District of Washington, as listed on Schedule A. Responding defendants[1] support centralization in the Eastern District of Washington. Common plaintiffs Crime Justice & America, Inc. (CJA, Inc.) and Ray Hrdlicka (CJA, Inc.'s publisher) did not submit a response.

After considering all argument of counsel, we will deny the motion, even though it is unopposed[2] and the subject actions may share some factual issues concerning plaintiffs' attempts to deliver or otherwise make available the publication "Crime Justice and America" to inmates at various Washington state correctional facilities.[3] Each action involves a separate facility, and, accordingly, what would seem to be a necessarily unique series of contacts between plaintiffs and the officials at that facility. The key factual issues in this litigation thus do not appear to be common at all. Furthermore, although there are eighteen constituent actions, they are pending in only two adjacent districts before only two judges. The common plaintiffs are represented by the same counsel, and just two law firms represent a majority of the defendants. Indeed, movant states that most of the involved defense counsel have formed "a joint defense group," and are in the process of ratifying a written joint defense agreement. Given these circumstances, informal cooperation and coordination by the involved courts and attorneys seems quite practicable. *See In re: Boehringer Ingelheim Pharm., Inc.,*

---

[*] Judge Kathryn H. Vratil took no part in the decision of this matter.

[1] Responding defendants are defendants in sixteen actions: Eastern District of Washington *Bancroft*, *Barger*, *Burnett*, *Dana*, *Irwin*, *Jones*, *Keane*, *Lathim*, *Magers*, *McComas*, *Rogers*, and *Turner* and Western District of Washington *Benedict*, *Hernandez*, *Lovick*, and *Salisbury*.

[2] As we have previously stated, we have "an institutional responsibility that goes beyond simply accommodating the particular wishes of the parties" to actions subject to a Section 1407 motion for centralization. *See, e.g, In re: Equinox Fitness Wage & Hour Emp't Practices Litig.*, 764 F. Supp. 2d 1347, 1348 (J.P.M.L. 2011) (denying unopposed motion for centralization).

[3] The complaint in each action alleges that the defendants therein (typically, the county, the facility, and the county sheriff) adopted and implemented policies that unconstitutionally restrict plaintiffs from providing the publication to inmates at the subject facility.

- 2 -

*Fair Labor Standards Act (FLSA) Litig.*, 763 F.Supp.2d 1377, 1378–79 (J.P.M.L.2011) (denying centralization of four actions pending in four districts, where the common defendant was represented by the same counsel in all actions, concluding that "alternatives to formal centralization, such as voluntary cooperation among the few involved counsel and courts, appear[ed] viable").

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

W. Royal Furgeson, Jr.  Barbara S. Jones
Paul J. Barbadoro  Marjorie O. Rendell
Charles R. Breyer

IN RE: BULK MAILING TO COUNTY JAIL INMATES
IN THE STATE OF WASHINGTON      MDL No. 2363

## SCHEDULE A

<u>Eastern District of Washington</u>

Crime, Justice & America, Inc., et al. v. Doug Barger, et al., C.A. No. 2:12-00112
Crime, Justice & America, Inc., et al. v. G. Ken Bancroft, et al., C.A. No. 2:12-00113
Crime, Justice & America, Inc., et al. v. Brian Burnett, et al., C.A. No. 2:12-00114
Crime, Justice & America, Inc., et al. v. Frank T. Rogers, et al., C.A. No. 2:12-00115
Crime, Justice & America, Inc., et al. v. Wade Magers, et al., C.A. No. 2:12-00116
Crime, Justice & America, Inc., et al. v. Brett Myers, et al., C.A. No. 2:12-00117
Crime, Justice & America, Inc., et al. v. Tom Jones, et al., C.A. No. 2:12-00118
Crime, Justice & America, Inc., et al. v. Gene Dana, et al., C.A. No. 2:12-03016
Crime, Justice & America, Inc., et al. v. Rick McComas, et al., C.A. No. 2:12-03018
Crime, Justice & America, Inc., et al. v. Ken Irwin, et al., C.A. No. 2:12-03019
Crime, Justice & America, Inc., et al. v. Steven Keane, et al , C.A. No. 2:12-05020
Crime, Justice & America, Inc., et al. v. Richard Lathim, et al., C.A. No. 2:12-05021
Crime, Justice & America, Inc., et al. v. John Turner, et al., C.A. No. 2:12-05022

<u>Western District of Washington</u>

Crime, Justice & America, Inc., et al. v. John Lovick, C.A. No. 2:12-00294
Crime, Justice & America, Inc., et al. v. Bill Benedict, et al., C.A. No. 3:12-05143
Crime, Justice & America, Inc., et al. v. Casey Salisbury, et al., C.A. No. 3:12-05144
Crime, Justice & America, Inc, et al. v. Tony Hernandez, et al.,C.A. No. 3:12-05145
Crime, Justice & America, Inc., et al. v. Steven Mansfield, et al., C.A. No. 3:12-05146